UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD HOLLYFIELD | CIVIL ACTION |
| VERSUS | NO. 18-1738 |
| AMANDA TULLOS, M.D. | SECTION "F"(2) |

## ORDER AND REASONS ON MOTION

Plaintiff, Richard Hollyfield, filed a Motion for Leave of Court to Supplement Opposition to Motion for Summary Judgment with Declaration of Richard Hollyfield. Record Doc. No. 33. Defendant, Amanda Tullos, M.D., filed a timely memorandum in opposition. Record Doc. No. 36.

Hollyfield, who is incarcerated but is represented by retained counsel, seeks leave to file his <u>own</u> declaration under penalty of perjury in support of his opposition to defendant's pending summary judgment motion. He explains that his attorney did not receive his declaration before his counsel timely filed his memorandum in opposition to defendant's summary judgment motion on July 3, 2018. The declaration was scanned and is electronically attached to plaintiff's motion. It is signed by Hollyfield in black ink and date-stamped "RECEIVED JUL 05 2018." Above his signature is the notation "signed 7/1/2018" in purple ink and in an apparently different handwriting. Record Doc. No. 33-3.

In opposition to plaintiff's motion, Dr. Tullos asserts that plaintiff's counsel emailed to her counsel on July 9 and July 10, 2018, a scanned copy of plaintiff's declaration and asked whether Dr. Tullos would object to plaintiff's request to supplement the record with the declaration. Defendant's Exhs. A, B and C, Record Doc. Nos. 36-1, 36-2, 36-3.

Defendant's counsel responded by email on July 10, 2018 that he objected because the declaration "lacks any notation of the date on which the Plaintiff purportedly signed this declaration." Defendant's Exh. D, Record Doc. No. 36-4.

Dr. Tullos argues that the "original" declaration sent to her attorney on July 9th and 10th "contained no date whatsoever on its 'declaration' page" and that the declaration that plaintiff submitted with his motion was altered after its execution by adding the date in purple ink. Defendant's memorandum in opposition, Record Doc. No. 36 at p. 2. Dr. Tullos objects that the altered declaration does not satisfy the requirements of 28 U.S.C. § 1746 for an unsworn declaration under penalty of perjury because it lacks an original date of execution and has been altered without explanation to add a purported date.

Section 1746 provides, in pertinent part, that an unsworn declaration is admissible in evidence when it is

> in writing of such person which is subscribed by him, as true under penalty of perjury, <u>and dated</u>, in substantially the following form:
> . . . .
> . . . . "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. <u>Executed on (date)</u>.
> (Signature)".

28 U.S.C. § 1746 (emphasis added). On its face, the statute does <u>not</u> require that the date of execution be entered on the document by the declarant or that the date be in his own handwriting.

Defendant is incorrect that the "original" declaration "contained no date whatsoever." It contained a "Date Received" stamp of July 5, 2018, which can reasonably

be presumed to have been placed there either by an official at the prison where Hollyfield is incarcerated when the declaration was received for mailing, or by plaintiff's attorney when the document was received in her office.

Federal courts "'have generally followed [a] rule'" that an undated declaration is valid, "'as long as the time period of the signature is demonstrable from the record.'" Trevino v. Lockheed Martin Corp., No. 1:08-CV-00189-JEC-RGV, 2008 WL 11333529, at *4 (N.D. Ga. Oct. 31, 2008) (quoting Tseng v. Home Depot USA, Inc., No. C05-0908RSM, 2006 WL 521723, at *2 (W.D. Wash. Mar. 2, 2006) (citing Peters v. Lincoln Elec. Co., 285 F.3d 456, 475 (6th Cir. 2002); Pieszak v. Glendale Adventist Med. Ctr., 112 F. Supp. 2d 970, 999 (C.D. Cal. 2000))) (citing Underwood v. Riverview of Ann Arbor, No. 08-CV-11024-DT, 2008 WL 4371813, at *4 n.1 (E.D. Mich. Sept. 22, 2008); Montgomery v. Ruxton Health Care, IX, LLC, No. 3:06cv024, 2006 WL 3746145, at *5 (E.D. Va. Dec. 15, 2006); EEOC v. World's Finest Chocolate, Inc., 701 F. Supp. 637, 639 (N.D. Ill. 1988)).

> While 28 U.S.C. § 1746 requires that a declaration be dated to be admissible, "[s]ubstantial compliance with the statute . . . is sufficient for admissibility." Pieszak, 112 F. Supp. 2d at 999. See also Hosea v. Langley, No. Civ. A. 04-0605-WS-C, 2006 WL 314454, at *7 n.14 (S.D. Ala. Feb. 8, 2006) ("[S]ubstantial compliance with § 1746 is all that is required, and that enumeration of the month and year is sufficient to constitute substantial compliance."). "Indeed, the most critical requirement of § 1746 is that the affiant sign [his] name under penalty of perjury." Montgomery v. Ruxton Health Care, IX, LLC, Civil Action No. 3:06cv024, 2006 WL 3746145, at *5 (E.D. Va. Dec. 15, 2006). Therefore, "undated declarations are acceptable under § 1746 when extrinsic evidence demonstrates the approximate date or the period in which the declarations were executed." Id. at *3 (internal marks omitted). See also Peters v. Lincoln Elec. Co., 285 F.3d 456, 475 (6th Cir.

> 2002) ("[C]ourts have held that the absence of a date on such documents does not render them invalid if extrinsic evidence could demonstrate the period when the document was signed.").

Id. at *3 (emphasis added); accord Wilson v. City of Bakersfield, No. 1:16-CV-0720-JLT, 2017 WL 6040340, at *3 (E.D. Cal. Dec. 6, 2017); Gardner v. Ford Motor Co., No. 14-cv-508-Orl-18DAB, 2015 WL 9659980, at *2 (M.D. Fla. Dec. 10, 2015), report & recommendation adopted, 2016 WL 79988 (M.D. Fla. Jan. 6, 2016); Lackey v. SUBPOENA DUCES TECUM Waste & Debris Servs., No. 11-1087, 2013 WL 5772325, at *5-6, *8-9 (E.D. La. Oct. 23, 2013); Hester v. Baca, No. 10-7854-JVS, 2012 WL 2891084, at *5 (C.D. Cal. June 1, 2012), report & recommendation adopted, 2012 WL 2890785 (C.D. Cal. July 11, 2012).

In the instant case, as in Trevino, the evidence demonstrates that plaintiff signed the declaration on or before July 5, 2018, when it was stamped received, and after June 21, 2018, when defendant filed her motion for summary judgment. The received stamp appears on both the copy that was transmitted to defense counsel on July 9 and 10, 2018, and the copy filed in this court. This method of dating "is 'sufficiently precise to avoid invalidating the document.'" Id. at *4 (quoting Underwood, 2008 WL 4371813, at *4 n.1) (citing Pieszak, 112 F. Supp. 2d at 999). Dr. Tullos "presents no reason why this approximate date is insufficient." Pieszak, 112 F. Supp. 2d at 999. The addition to Hollyfield's declaration of the notation "signed 7/1/2018," although unexplained, is neither necessary to determine the period when the document was signed nor does it undermine the finding that plaintiff actually signed the declaration on or before July 5, 2018.

Defendant's second argument that plaintiff's declaration is "unnecessary and immaterial" because Dr. Tullos already filed certified versions of the attachments to the declaration with her summary judgment motion is unavailing.  Hollyfield's declaration is not in the record.  He is required to support his opposition with evidence of his personal knowledge. Fed. R. Civ. P. 56(c)(4).  His incarcerated status and his counsel's explanation that she had not yet received his declaration when she timely filed his opposition memorandum on July 3, 2018 are sufficient to justify his request to supplement the record.

Accordingly, IT IS ORDERED that the motion is GRANTED.

New Orleans, Louisiana, this ___19th___ day of July, 2018.

 JOSEPH C. WILKINSON, JR.
 UNITED STATES MAGISTRATE JUDGE