UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD HOLLYFIELD<br>DOC #279394 | CIVIL ACTION |
| v. | NO. 18-1738 |
| AMANDA TULLOS, M.D. | SECTION "F" |

ORDER AND REASONS

Before the Court is Dr. Amanda Tullos's motion for summary judgment. For the reasons that follow, the motion is GRANTED insofar as the plaintiff's Section 1983 claims are prescribed; the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

**Background**

This civil rights lawsuit arises from a state prisoner's allegations that a doctor sexually assaulted him.

Richard Hollyfield is an inmate incarcerated in the Elayn Hunt Correctional Center in Louisiana. On April 5, 2016, Hollyfield underwent inguinal hernia repair surgery. To address post-hernia repair complications, on May 13, 2016, Hollyfield was

1

treated at the Emergency Room at University Medical Center in New Orleans. Hollyfield underwent an ultrasound and was complaining about pain and swelling in his groin and left testicle.

Dr. Amanda Tullos was employed by the State of Louisiana at the University Medical Center where Hollyfield was being treated. Dr. Tullos was not assigned to his case, but went to Hollyfield's room to address Hollyfield's complaints. According to Hollyfield, he was shackled to his bed and accompanied by Sgt. Laudarius Washington from Elayn Hunt Correctional Center. When Dr. Tullos asked where Hollyfield was hurting, he pointed to his testicle area. Hollyfield alleges that "Dr. Amanda Tullos sexually assaulted him [and that he] tried to defend himself and yelled for her to stop." In particular, he alleges:

> Hollyfield was restrained to the bed, when Dr. Amanda Tullos, without valid medical purpose, placed her hands on his genitalia, and maliciously grabbed and squeezed them exerting pressure and causing injury. Dr. Amanda Tullos had no medical reason or authorization to enter into...Hollyfield's room at that time.
> ...
> Dr. Amanda Tullos knew or should have known that smashing...Hollyfield's testicles could or would lead to permanent damage.

...

On May 14, 2016, Hollyfield wrote Warden Robert Tanner claiming that he was assaulted by Dr. Tullos. Hollyfield also

submitted an administrative grievance pursuant to Administrative Remedy Procedure (or ARP) to Elayn Hunt Correctional Center, which was received on May 17, 2016. EHCC accepted the ARP for processing on May 25, 2016, and issued Hollyfield a First Step Response on May 31, 2016. Hollyfield submitted his second step request in the ARP process on June 9, 2016, which was received and accepted for processing by Louisiana Department of Public Safety and Corrections officials on July 11, 2016. DPSC officials issued Hollyfield a second step response on September 13, 2016; Hollyfield's request for relief was denied.

On February 20, 2018, Hollyfield, proceeding *in forma pauperis* but represented by retained counsel, sued Dr. Amanda Tallos, alleging that her conduct violated his civil rights under 42 U.S.C. § 1983 by violating his rights to be free from corporal punishment and excessive force under the Fourth, Eighth, and Fourteenth Amendments. Hollyfield also seeks to recover under Louisiana Civil Code articles 2315 and 2316 on the ground that his injuries were caused by Dr. Tallos' intentional or negligent conduct. Although this matter was automatically referred to the magistrate judge, at least one of the parties did not consent to proceed before the magistrate judge; accordingly, the referral was vacated. Dr. Tullos now seeks summary judgment dismissing Hollyfield's civil rights and negligence claims.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving

party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed. R. Civ. P. 56(c)(2). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)(internal quotation marks and citation omitted). In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). Although the Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013)(internal quotation marks and citation omitted).

II.

*A.*

Title 42, U.S.C. § 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law; it provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any ... person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

Because Section 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability." Harrington v. Harris, 118 F.3d 359, 365 (5th Cir. 1997)(citation omitted). To establish § 1983 liability, the plaintiff must satisfy three elements:

(1) deprivation of a right secured by the U.S. Constitution or federal law,
(2) that occurred under color of state law, and
(3) was caused by a state actor.

Victoria W. v. Larpenter, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).

Hollyfield's Section 1983 claims are based on alleged deprivations of his constitutional rights to be free from excessive

6

force and corporal punishment. Dr. Tullos moves for judgment as a matter of law dismissing these claims as prescribed.

Section 1983 does not contain an independent statute of limitations. Instead, the statute borrows the statute of limitations period for personal injury actions in the forum state. Owens v. Okure, 488 U.S. 235, 250 (1989); King-White v. Humble Indep. Sch. Dist., 803 F.3d 754, 759 (5th Cir. 2015). In Louisiana, there is a one-year prescriptive period applicable to personal injury actions. La. Civ. Code art. 3492. Accordingly, Section 1983 claims pending in federal courts in Louisiana are subject to a one year statute of limitations period. Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989). Although federal law determines when a civil rights action accrues, state law supplies the applicable limitations period and tolling provisions. Harris v. Hegmann, 198 F.3d 153, 156-57 (5th Cir. 1999)(citation omitted). Under federal law, a Section 1983 claim generally accrues when a plaintiff "knows or has reason to know of the injury which is the basis of the action." Id. (citation omitted).

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, an inmate is required to exhaust his available state administrative remedies prior to filing a lawsuit in federal court. The one year prescription period applicable to Section 1983 claims

7

is tolled while an inmate pursues administrative remedies. Id. at 158.

Here, the defendant submits that Hollyfield's Section 1983 claims have prescribed. This is so, Dr. Tullos contends, even though the prescriptive period was tolled while Hollyfield pursued his administrative remedy through the prison system. The incident giving rise to Hollyfield's Section 1983 claims occurred on May 13, 2016. The one year prescriptive period was tolled while Hollyfield pursued his mandatory administrative remedy procedure with EHCC and DPSC. The defendant submits that this process began, at the earliest on May 14, 2016 (when the plaintiff wrote to Warden Tanner) and ended, at the latest on September 13, 2016 (when DPSc issued a second step response, denying his grievance). The statute of limitations thus began to run again on September 13, 2016 and expired at the latest a year later on September 13, 2017. Because the plaintiff did not file this lawsuit until February 20, 2018, the defendant submits his Section 1983 claims have prescribed. The Court agrees.

Hollyfield does not dispute that his lawsuit was filed more than one year after he exhausted his administrative remedies in the prison system. However, Hollyfield argues that he was required to proceed through the medical malpractice procedural requirements

8

of a medical review panel prior to filing his Section 1983 claims. And that he benefits from additional tolling for doing so, which saves his claims. The defendant counters that the plaintiff's allegations giving rise to his Section 1983 claims for deliberate medical indifference are not and cannot be based upon medical malpractice such that he may not benefit from additional tolling for exhausting unnecessary state remedies.

To be sure, claims or allegations of medical malpractice are insufficient to rise to the level of deliberate medical indifference. See Estelle v. Gamble, 429 U.S. 97, 106-06 (1976); see also Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) ("unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference ... [d]eliberate indifference is an extremely high standard to meet."). Dr. Tullos submits that, because Section 1983 claims must be based upon deliberate indifference, such claims do not meet the definition of medical malpractice under Louisiana law and the administrative review requirements for convening a medical review panel are inapplicable to Hollyfield's Section 1983 claims for deliberate indifference; thus, the administrative review requirements of La.R.S. 40:1237.1 are not applicable to his Section 1983 claims and he may not avail himself of additional tolling of the statute of limitations for that period of time within which he

9

pursued administrative remedies through a state medical review panel. The Court agrees. Hollyfield offers no authority to support his contention that his Section 1983 claims must be exhausted through a medical review panel. Indeed, the case literature generally declines to require prisoners to present federal civil rights claims to a Louisiana medical review panel because Section 1983 claims are not governed by Louisiana's Medical Malpractice Act, which governs only unintentional acts.[1]

Because Hollyfield filed his Section 1983 claims more than one year after he completed the requisite inmate administrative proceedings, his Section 1983 claims are prescribed and must be dismissed.

---

[1] Belvin v. Champagne, No. 17-1776, 2017 WL 4277160, at *7 (E.D. La. Aug. 31, 2017)(distinguishing between Section 1983 claims and medical malpractice claims, the latter of which must first be exhausted before a medical review panel); Cockerham v. Parish of Ascension, No. 10-227, 2010 WL 5576195, at *2 (M.D. La. Nov. 2, 2010)("inasmuch as the Louisiana Medical Malpractice Act defnies malpractice as an "unintentional tort or breach of contract,"...and inasmuch as a claim for the violation of constitutional civil rights, in contrast, involves intentional wrongdoing on the part of a state official, or an analogous state of mind described as "deliberate indifference", the Louisiana Medical Malpractice Act has no application to the plaintiff's claim of intentional, willful, and malicious wrongdoing"); Adams v. Foti, No. 02-1059, 2004 WL 241859, at *4 (E.D. La. Feb. 5, 2004)(determining that prisoner was not required to present his federal civil rights claim to a Louisiana medical review panel because an inmate's Section 1983 claims are not governed by Louisiana's Medical Malpractice Act, which governs only unintentional acts).

*B.*

Hollyfield invokes this Court's jurisdiction solely on federal question grounds pursuant to 28 U.S.C. § 1331. All federal claims have been dismissed. Having dismissed all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the plaintiff's remaining state law claims. 28 U.S.C. § 1367(c). Hollyfield's state law negligence claims are dismissed without prejudice.

Accordingly, IT IS ORDERED that Dr. Tullos's motion for summary judgment is GRANTED insofar as she seeks to dismiss the plaintiff's Section 1983 claims. The Court declines to exercise supplemental jurisdiction over the plaintiff's remaining state law claims, which are dismissed without prejudice.

New Orleans, Louisiana, September 20, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE